IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERENCE ALEX STEWART, 1552180, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>MAURINE DICKEY, ET AL., )<br>Defendants. ) | No. 3:09-CV-383-B<br>ECF |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties**

Plaintiff is currently confined in the Hutchins State Jail. He brings this suit pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding pro se, and the Court has granted him permission to proceed *in forma pauperis*. Defendants are Dallas County Court Commissioners Maurine Dickey, Mike Cantrell, John Wiley Price and Kenneth Mayfield, and Dallas County public defenders Reggie Self and Hal Turley.

**II. Background**

Plaintiff pled guilty to theft and was sentenced to State Jail. He argues that Dallas County public defenders Reggie Self and Hal Turley did not file a motion for an examining trial.

**Findings and Conclusions of the**
**United States Magistrate Judge**         Page -1-

He states that if he had received an examining trial, the court might have dismissed the theft charges. He also claims that during his plea hearing, the judge informed him that after pleading guilty, he could not file an appeal. He states this advice was incorrect and that his public defenders failed to inform him of the incorrect statement. He also states that Defendant Commissioners hire the public defenders and oversee the public defender department. He states the public defenders did not protect his rights, and that the Commissioners are liable for the action of the public defenders. He seeks money damages.

## III. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490

U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## IV. Discussion

### 1. Defendants Self and Turley

Plaintiff claims that public defenders Self and Turley violated his civil rights. To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Fourteenth Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." The Fourteenth Amendment prohibits only that action which may be fairly attributed to the States. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948). The Fourteenth Amendment does not shield purely private conduct, however discriminatory or wrongful. *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970).

Plaintiff has failed to show that Self and/or Turley acted under color of state law. Attorneys do not act under color of state law when they perform a lawyer's traditional function as defense counsel in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Accordingly, Plaintiff's civil rights claims against Defendants Self and Turley are frivolous and should be dismissed.

**2. County Commissioners**

Plaintiff claims the Defendant Commissioners are liable because they hire and supervise the county public defender's office. Under § 1983, however, a person must be personally involved in the acts causing the deprivation of a person's constitutional rights. *See Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). It is well settled that supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95; *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988). Supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause a constitutional violation, or (2) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

The complaint fails to allege that any of the Commissioners were personally involved in the alleged denial of Plaintiff's civil rights. Nor does the complaint provide claims that the Commissioners personally implemented a custom or policy that caused the denial of Plaintiff's civil rights. Plaintiff's claims should be dismissed.

Finally, Plaintiff has failed to show that his public defender's failure to obtain an examining trial or his failure to correct an alleged misstatement by the trial judge violated his federal or constitutional rights. *See Texas v. Reimer*, 678 F.2d 1232, 1233 (5th Cir. 1982) (finding right to examining trial arises under state law, not federal law). His claims should be dismissed.

**Findings and Conclusions of the**
**United States Magistrate Judge**       Page -4-

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed with prejudice as frivolous.

Signed this 10th day of June, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -6-